Bernard L. MIDDLETON, et
al., Appellants,

v.

Bonner D. MURFF, et al., Appellees.

No. 10–84–060–CV.

Court of Appeals of Texas,
Waco.

Nov. 29, 1984.

Rehearing Denied Dec. 27, 1984.

Anthony W. Hall, Jr., Houston, for appellants.

Joe Cannon, Cannon, Cannon & Reed, Groesbeck, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants (plaintiffs below) from an order of the trial court in Cause 9248 denying plaintiffs' motion to vacate judgment in Cause 3424B.

The controlling facts are:

In April, 1981, appellee Murff filed suit against appellants in Cause 3424B in 87th District Court in Leon County to partition certain real estate in Leon County. Appellee Ward thereafter intervened in such suit.

On June 25, 1982, the parties appeared in court and entered an agreement to settle the case, and agreed to submit thereafter to an agreed judgment of the court. Soon thereafter appellants repudiated the agree-

ment to settle and so informed the trial court and of the reasons therefor.

The matter was then set for a hearing on August 6, 1982. Plaintiffs appeared but the judge did not. Plaintiffs' counsel reached the judge by telephone, who advised plaintiffs' counsel he was going to enter a consent judgment without consent of plaintiffs and over their objections.

Thereafter the judge entered final decree in Cause 3424B dated August 6, 1982, dividing the property as *previously* agreed by the parties.

Plaintiffs filed motion for new trial which was overruled.

On August 5, 1983, plaintiffs filed this case, Cause 9248, as a Bill of Review.[1] On September 21, 1983, plaintiffs filed a Motion to Vacate the Judgment in Cause 3424B, and Withdraw Plaintiffs' Petition for Bill of Review (Cause 9248).

On December 16, 1983, after hearing, the court granted plaintiffs' motion for nonsuit on plaintiffs' petition for Bill of Review (Cause 9248), and denied plaintiffs' motion to vacate the August 6, 1982, judgment in Cause 3424B.

The trial court thereafter entered like judgment Nunc Pro Tunc, correcting clerical errors.

Appellants (plaintiffs) appeal on 12 points asserting the trial court erred in overruling their motion to vacate the 1982 consent judgment [in Cause 3424B] because the undisputed evidence discloses that the court knew before it entered the consent judgment that plaintiffs did not consent to the entering of such judgment and the court therefore lacked the authority to do so.

The record discloses that the parties agreed to the terms of the judgment rendered August 6, 1982, on June 25, 1982, but that they withdrew their agreement and consent prior to August 6, 1982, and so informed the judge. The judge nevertheless rendered the previously agreed to consent judgment.

 A judgment rendered on agreement of parties is a consent judgment. But a valid consent judgment cannot be rendered when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court. *Burnaman v. Heaton, et al,* S.Ct. 150 Tex. 333, 240 S.W.2d 288; *Beazley et al, v. Randolph et al,* CCA (Houston) NRE, 409 S.W.2d 487.

Appellants argue that because the judgment did not have their consent at the time of its entry it is *void* and can be set aside at any time by any court.

 If a judgment rendered by a trial court is void it may be set aside by that court at any time. *Freeman v. Freeman,* S.Ct. 160 Tex. 148, 327 S.W.2d 428, 433; *Glenn W. Casey Construction, Inc. v. Citizen's National Bank,* CCA (Tyler) NWH, 611 S.W.2d 695. *Freeman,* supra, holds:

Generally speaking, a judgment rendered by a legally constituted and organized court having jurisdiction over the subject matter of all the parties to a suit will be held valid * * unless the particular judgment is one which the court had no power to render * *. Judgments are void for lack of power in courts to render them where they are rendered contrary to constitutional or validly statutory prohibition or outside limiting constitutional or statutory authority.

 The court which rendered the August 6, 1982, judgment had jurisdiction over the parties and the subject matter—albeit it appears the court erred. Thus the 1982 judgment is merely voidable or invalid and not void.

 When appellants did not appeal such voidable judgment, did not seek a writ of error to such judgment, and voluntarily dismissed their Bill of Review to correct such judgment, the trial court was without

---

**1.** The 87th District Court and the 278th District Court have concurrent jurisdiction.

authority to vacate it or set it aside, as it would have had the authority to do if such judgment was void. *Sawyer v. Smith*, CCA (Waco) NRE, 552 S.W.2d 936, 939.

The order of the trial court is correct. All appellants' points are overruled.

AFFIRMED.