Bernard L. MIDDLETON, et al., Petitioners,

v.

Bonner D. MURFF, et al., Respondents.

No. C–3840.

Supreme Court of Texas.

May 1, 1985.

Rehearing Denied June 26, 1985.

Williamson, Gardner, Hall and Wiesenthal, Anthony W. Hall, Jr., Houston, for petitioners.

Cannon, Cannon and Reed, Joe Cannon, Groesbeck, for respondents.

## ON MOTION FOR REHEARING

PER CURIAM.

This is an appeal from a direct attack on a "consent judgment" rendered by the district court after receiving notice that certain parties, petitioners herein, no longer consented. The consent judgment was not appealed to the court of appeals. This direct attack, brought in the district court, is a motion to vacate the consent judgment and does not conform to the requirements of a bill of review. The trial court refused to set the consent judgment aside. The court of appeals affirmed this refusal by holding that the consent judgment was not void, and that therefore the requirements of a bill of review must be met to set it aside. 682 S.W.2d 672. We refused the petitioners' application for writ of error, no reversible error, and we now overrule their motion for rehearing. We find it necessary to do so with an opinion to correct certain misconceptions created or perpetuated by the court of appeals opinion.

On rehearing, the petitioners strongly contend that the consent judgment was void and that their motion to vacate should have been granted. We find it unnecessary to decide whether the consent judgment was void or merely voidable. In either instance, a bill of review is the exclusive remedy since the time for an appeal from the consent judgment has expired. Tex.R.Civ.P. 329b(f); *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

The court of appeals cites *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, 433 (1959) and *Glenn W. Casey Constr. v. Citizen's Nat'l Bank*, 611 S.W.2d 695, 701 (Tex.Civ.App.—Tyler 1980, no writ) for the proposition that "[i]f a judgment rendered by a trial court is void it may be set aside by that court at any time." 682 S.W.2d at 673. We disapprove of this statement. In *McEwen* and *Deen*, this court has twice ordered a trial court to reinstate a judgment, even presuming the judgment could be shown to be void, because the direct attack against it did not qualify as a bill of review. In *McEwen*, this court recognized its conflict with the statement in *Freeman*, but stated that "[i]n *Freeman*, exclusiveness of remedy by bill of review as provided in Rule 329b was not presented or decided." 345 S.W.2d at 711. Therefore, the reliance of the court of appeals on *Freeman* is erroneous.

In *McEwen* and *Deen*, we recognized an exception to the Rule 329b(f) requirement of a bill of review in cases where the court rendering the judgment had no "jurisdictional power" to do so. We have defined "jurisdictional power" in this sense to mean "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Deen*, 508 S.W.2d at 72. The consent judgment was rendered in a suit to partition real estate, a matter within the district court's subject matter jurisdiction. Therefore, the exception does not

apply, and a bill of review is required in order to set the consent judgment aside.

The motion for rehearing is overruled.