In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-08-00384-CV


____________________



JAMES WARREN BRIGHT, Appellant



V.



JOHN CHARLES SPURLOCK AND TEXAS DEPARTMENT 


OF CRIMINAL JUSTICE INMATE TRUST FUND, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV21,514






 MEMORANDUM OPINION


 James Warren Bright, a pro se prison litigant, appeals from an order entered on July
20, 2008, that enforces a writ of garnishment against the Texas Department of Criminal
Justice Inmate Trust Fund ("TDCJ") and Bright's inmate trust account. We affirm.

 In his brief, Bright advances two issues. In issue one, Bright asserts that John Charles
Spurlock, also a pro se prison litigant, failed to properly serve him with the writ of
garnishment. In issue two, relying on language in an earlier order dated January 10, 2008
("January order"), Bright contends that the trial court lacked jurisdiction to enter the July 20,
2008 order ("July order") because its January order had dismissed Spurlock's suit.

 To resolve the issues Bright raises on appeal, we first address the effect of the trial
court's January order. The January order was entered following a hearing on Spurlock's
Motion to Show Cause, wherein he suggested that a TDCJ employee be held in contempt for
refusing to turn over the funds it held in Bright's inmate trust account. The January order
reflects that the trial court declined Spurlock's request to hold the TDCJ employee in
contempt and it also declined taxing TDCJ with the full amount of Spurlock's May 5, 2004
default judgment (1) that Spurlock had previously obtained against Bright. The January order
also provides that "TDCJ has notice of the judgment in question and will act accordingly[,]"
and then recites, "The court denies all relief not expressly granted in this judgment. This
Order dismisses all claims and parties to this suit and shall operate as a final judgment in this
action."

 By stating that the order operated as a final judgment, and by ordering the TDCJ to
"act accordingly[,]" the trial court effectively resolved any disputes between the parties to
the garnishment proceeding. Therefore, it appears that the trial court intended its order to
dispose of all parties and all claims and to operate as a final appealable judgment. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205-06 (Tex. 2001) (holding that where a
conventional trial on the merits has not transpired, an order or judgment is final for purposes
of appeal if, after we review the record if necessary, the order or judgment actually disposes
of every pending claim and party or if it clearly and unequivocally states that it finally
disposes of all claims and parties); see also LBL Oil Co. v. Int'l Power Servs., Inc., 777
S.W.2d 390, 391 (Tex. 1989) (holding that a hearing that is dispositive of a case is effectively
a trial setting). In view of the language in the order, and its effect on the garnishment
proceeding, we conclude that the trial court's January order was final and appealable.

 Bright failed to timely perfect his appeal from the January order that operated as a
final judgment. (2) See Tex. R. App. P. 26.1. Therefore, at the time the trial court entered the
July order, its plenary power to exercise jurisdiction over the case had expired. See Tex. R.
Civ. P. 329b. However, the expiration of the court's plenary power does not necessarily
mean that we have no jurisdiction over Bright's appeal from the trial court's July order. With
respect to the July order, it clarifies that the dismissal language in the trial court's January
order dismissed only Spurlock's show cause motion; nevertheless, the July order also
employs language that appears intended by the court to allow Spurlock to enforce the
garnishment judgment against TDCJ.

 A trial court maintains the inherent power to "cause its judgments and decrees to be
carried into execution" even after it loses plenary power over its judgment. Tex. R. Civ. P.
308, 329b; Arndt v. Farris, 633 S.W.2d 497, 499 (Tex. 1982). We construe the July order
as being both a judgment nunc pro tunc, to the extent that it clarified the trial court's intent
to dismiss Spurlock's show cause motion, and as an order to enforce the judgment the trial
court had rendered in January. See Tex. R. Civ. P. 308, 316, 329b(f). In Escobar v. Escobar,
711 S.W.2d 230, 231 (Tex. 1986), the Texas Supreme Court held that a trial court may, at
any time in a judgment nunc pro tunc, correct a clerical error made in the reduction of the
judgment to writing, to correctly reflect the judgment actually rendered. (3) To the extent the
order acts as a mandatory injunction and enforces the prior judgment to require affirmative
action by TDCJ, we have jurisdiction over this appeal. See generally Schultz v. Fifth Judicial
Dist. Court of Appeals, 810 S.W.2d 738, 740 (Tex. 1991) (upholding appealability of orders
that function as mandatory injunctions), abrogated on other grounds, In re Sheshtawy, 154
S.W.3d 114, 124-25 (Tex. 2004).

 Although we have jurisdiction to consider Bright's appeal, his first issue, which
asserts he was not properly served with the writ of garnishment, is actually an attempt to
collaterally attack the validity of the trial court's January final judgment. Generally,
collateral attacks may only be used to set aside a void judgment or one that involves
fundamental error. Zarate v. Sun Operating Ltd., Inc., 40 S.W.3d 617, 620-21 (Tex.
App.-San Antonio 2001, pet. denied). A judgment is void if it is shown that the court lacked
jurisdiction (1) over a party or the property, (2) over the subject matter, (3) to enter a
particular judgment, or (4) to act as a court. Id. at 621; see also Browning v. Placke, 698
S.W.2d 362, 363 (Tex. 1985). Fundamental error exists "in those rare instances in which the
record shows the court lacked jurisdiction or that the public interest is directly and adversely
affected as that interest is declared in the statutes or the Constitution of Texas." Pirtle v.
Gregory, 629 S.W.2d 919, 920 (Tex. 1982). 

 Bright argues that Spurlock never served him with the writ of garnishment as required
by the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 663a. But, a judgment obtained
with service that is alleged to be defective is voidable, not void. See McEwen v. Harrison,
162 Tex. 125, 345 S.W.2d 706, 710-11 (1961); see also Middleton v. Murff, 689 S.W.2d 212,
213 (Tex. 1985). The exclusive manner to attack a voidable judgment is through a bill of
review. Tex. R. Civ. P. 329b(f) ("On expiration of the time within which the trial court has
plenary power, a judgment cannot be set aside by the trial court except by bill of review for
sufficient cause, filed within the time allowed by law[.]"); see also Middleton, 689 S.W.2d
at 213; McEwen, 345 S.W.2d at 710. Having failed to file an appeal from the January final
judgment, Bright cannot now collaterally attack a voidable judgment based on the argument
that he was never properly served. See McEwen, 345 S.W.2d at 711. We overrule Bright's
first issue.

 In his second issue, Bright contends that the trial court lacked jurisdiction to enter the
July order because the court's January order had already dismissed the garnishment
proceeding. As we have explained, the July order clarified that its earlier dismissal operated
as to Spurlock's show cause motion only. The hearing conducted on the motion clearly
reflects the trial court's intent to dismiss only Spurlock's motion; thus, the trial court's July
order, to the extent it clarified the scope of claims that were being dismissed, operated as a
judgment nunc pro tunc. See Escobar, 711 S.W.2d at 231; Reese v. Piperi, 534 S.W.2d 329,
330 (Tex. 1976). Because the trial court had jurisdiction to correct clerical errors, the trial
court's July order is not void. See Tex. R. Civ. P. 329b(f), 316. We overrule Bright's second
issue and affirm the trial court's July order.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on August 19, 2009

Opinion Delivered October 22, 2009

Before Gaultney, Kreger, and Horton, JJ.

1. In a separate appeal, Bright attempted to appeal the default judgment. We dismissed
the appeal for lack of jurisdiction because Bright did not timely file a notice of appeal. See
Bright v. Spurlock, No. 09-08-383 CV, 2008 Tex. App. LEXIS 8699, at *1 (Tex.
App.-Beaumont Nov. 20, 2008, no pet.).
2. Despite the potential questions surrounding the interpretation of the trial court's
January order, it is apparent that Bright understood the order to be a final judgment as
evidenced by Bright's filing of a motion to abate the enforcement of the judgment for at least
180 days following his release from confinement. 
3. A judgment is "rendered" when the trial court announces its decision either orally in
open court or by memorandum filed with the clerk. Reese v. Piperi, 534 S.W.2d 329, 330
(Tex. 1976); Delaup v. Delaup, 917 S.W.2d 411, 413 (Tex. App.-Houston [14th Dist.] 1996,
no writ). The trial court orally announced its judgment following the hearing; it stated that
as to "the garnishment issue, [TDCJ is] under notice that it has been issued of the Court; and
the clerk's office will send [TDCJ] a copy of the [default] judgment." The trial court further
stated, "The Clerk, the District Clerk here in Polk County, is going to send to [TDCJ] a copy
of the [default] judgment and garnishment order; and [TDCJ] will from this time forward,
whatever [TDCJ] can legally, [TDCJ] will garnish and forward to you."