**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 10, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00585-CV

### IN RE MERCEDES MARTINEZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-08674**

## MEMORANDUM OPINION

On July 10, 2015, relator Mercedes Martinez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable John Schmude, presiding judge of the 247th District Court of Harris County to set aside: (1) the Agreed Final Decree of Divorce ("Divorce Decree") signed on

November 12, 2013, (2) the Order of Enforcement of Passport Provisions from the Divorce Decree signed on June 26, 2015, and (3) the visiting judge's finding of contempt made on July 7, 2015.

On September 2, 2015, the real party-in interest filed a notice with our court that he had filed in the trial court a notice of nonsuit of his action to enforce the Divorce Decree and asked this court to dismiss the petition for writ of mandamus as moot. Because Relator may suffer collateral consequences from the Divorce Decree, the petition is not moot. *See In re Choice! Energy, L.P.*, 325 S.W.3d 805, 809-10 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). We therefore deny the motion to dismiss.

Relator did not appeal the Divorce Decree or file a bill of review to set it aside, but instead seeks to collaterally attack this final judgment through her petition for writ of mandamus more than a year after the Divorce Decree was signed. Relator contends that the Divorce Decree should be set aside because it was entered without her consent and one of its provisions is contrary to the parties' mediated settlement agreement. We find it unnecessary to decide whether Divorce Decree is void or voidable for these reasons because the Texas Supreme Court has held that a consent judgment may only be set aside through a direct appeal or a bill of review. *See Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (per curiam). *See also Barrera v. State*, 130 S.W.3d 253, 259 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Middleton* for the proposition that when the plenary power of the court rendering the judgment has expired, a bill of review is the exclusive method for attacking a judgment entered in a case in which the court had jurisdictional power to render it).

2

Relator has not brought a timely appeal or bill of review to set aside the Divorce Decree. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.