**AFFIRM; and Opinion Filed August 30, 2016.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00718-CV

**RSL FUNDING, LLC AND
RSL SPECIAL-IV, LIMITED PARTNERSHIP, Appellants
V.
RICKEY NEWSOME, Appellee**

**On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-14-14580-L**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

In this interlocutory appeal, RSL Funding, LLC and RSL Special-IV, Limited Partnership

(collectively RSL) appeal the trial court's orders denying their motions to compel arbitration and

granting a temporary restraining order (TRO). In two issues, RSL contends the trial court abused

its discretion by refusing to compel arbitration and by granting the TRO. We affirm the trial

court's orders.

### LEGAL AND FACTUAL BACKGROUND

In 1985, appellee Rickey Newsome settled a personal injury claim. Pursuant to the terms

of a structured settlement agreement, Newsome was entitled to receive monthly payments from

Allstate Insurance Company beginning in September 1986 for the duration of his life. Allstate

purchased an annuity from Allstate Life Insurance Company to fund the payments. In

September 2013, RSL and Newsome entered into a Transfer Agreement under which Newsome agreed to transfer and assign portions of his future periodic payments to RSL in exchange for a lump-sum payment of $53,000. The Transfer Agreement contained an arbitration clause providing that "[d]isputes under this Agreement of any nature whatsoever . . . shall be resolved through demand by any interested party to arbitrate the dispute." The agreement further stated, "[T]he question of whether a dispute itself is subject to arbitration shall be decided solely by the arbitrator and not, for example by any court." A promissory note signed by Newsome also contained an arbitration clause.

In the trial court, RSL filed an application for approval of the transfer, as required by the Texas Structured Settlement Protection Act (SSPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 141.006 (West 2011). The purpose of the SSPA is to protect recipients of structured settlement payments who are in need of cash from exploitation by "factoring companies," companies that purchase structured settlements from personal injury victims by paying immediate cash for the right to future payments. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 729 (Tex. App.—Dallas 2004, no pet.). The SSPA requires disclosures and court approval before any transfer of structured settlement payment rights. *Id.*; *Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*, 284 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 141.003. No transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shall be required to make any payment directly or indirectly to any transferee unless the transfer has been approved in advance in a final court order based on express findings that (1) the transfer is in the best interest of the payee; (2) the payee has been advised in writing to seek independent professional advice regarding the transfer and has either received the advice or knowingly waived it in writing; and (3) the transfer does not contravene any applicable statute or an order of any court

or governmental authority.  TEX. CIV. PRAC. & REM. CODE ANN. § 141.004; *see Washington Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 769–70 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

On October 23, 2013, the trial court signed an order approving the transfer.  Among other things, the order recited that the transfer was in Newsome's best interest, RSL had provided Newsome with a disclosure statement required by the SSPA, and Newsome had been advised in writing to seek independent professional advice regarding the proposed transfer and had either received the advice or knowingly waived it.  The order included the following handwritten note: "Transferee to pay Mr. Newsome the sum of $53,000 in 10 days from this order being signed or transferee will be required to pay Mr. Newsome $106,000."  Neither party made any complaint at that time to the trial court that the handwritten terms improperly modified their agreement.

In May 2014, the trial court received a pro se letter from Newsome indicating RSL had failed to pay him for the transfer.  The court ordered RSL to appear to determine whether a subsequent contempt hearing should occur.  At a June 2014 hearing, counsel for RSL represented Newsome had made prior transfers of portions of his annuity to other parties and that Allstate could not be required to split payments.  Counsel represented that RSL had not paid Newsome because it had been working with Allstate and the other parties to ensure that RSL would get the money it bought.  The trial court ordered the parties to mediation.

In August 2014, RSL filed an agreed motion for entry of a corrected order nunc pro tunc. RSL asserted that the handwritten language in the court's October 2013 order approving the transfer modified the parties' Transfer Agreement without their consent.  The motion further asserted that the parties sought entry of a corrected order to remove the handwritten language, which had required RSL to pay Newsome $106,000 instead of $53,000 if it did not pay him in ten days.  Newsome himself signed the agreed motion.  On September 15, 2014, the trial court

–3–

signed a corrected order approving the transfer nunc pro tunc that omitted the handwritten language found in its earlier order.

In December 2014, Newsome filed a petition for bill of review and application for injunctive relief in the trial court. By way of bill of review, Newsome sought to set aside the court's nunc pro tunc order. He asserted that the nunc pro tunc order was void because the court improperly corrected a judicial error, as opposed to a clerical error, after its plenary power had expired. He asked the trial court to vacate the nunc pro tunc order and confirm that the original order approving the transfer is the final judgment. As an alternative, Newsome asked the trial court to set aside both the original order approving the transfer and the nunc pro tunc order and confirm that none of Newsome's annuity payments were transferred to RSL. Newsome further alleged that RSL was liable for his attorney's fees incurred as a result of the bill of review.

Newsome's petition for bill of review also contained allegations that RSL had still not paid him despite the fact that RSL was being paid the portion of his monthly annuity he had transferred to it. He asserted RSL had filed a suit against him in Harris County seeking declaratory relief and attached a copy of RSL's Harris County petition. In it, RSL alleged that a dispute had arisen regarding the amount to be paid to RSL under the parties' contract for the transfer of settlement payments. RSL asserted it had filed a demand for arbitration in Houston and sought a declaration that the parties had a valid arbitration agreement and that the pending dispute was subject to the arbitration agreement. In his petition, Newsome sought a temporary injunction prohibiting RSL from taking any action in the Harris County lawsuit, which the trial court granted.

Newsome amended his petition for bill of review in March 2015. The amended petition sought the same relief as the original petition, but no longer contained the request for injunctive relief. After Newsome amended his petition, RSL filed a motion to compel arbitration under the

Federal Arbitration Act and to abate the proceedings pending arbitration. RSL asserted that a dispute had arisen under the parties' written agreement that contained an arbitration clause. RSL alleged Newsome refused to execute a necessary stipulation and refused to accept the amounts set out in the Transfer Agreement. RSL also noted that Newsome claimed he signed the agreed motion for entry of the corrected order nunc pro tunc under duress and detrimentally relied on RSL's promises to pay him. RSL disputed Newsome's claims of duress and detrimental reliance and thus asserted that these issues should be submitted to arbitration. In its motion, RSL also asserted that an arbitrator should determine whether Newsome had met the three prerequisites for a bill of review.

RSL later filed a supplement to its motion to compel arbitration in which it asked the court, in the event it denied the motion to compel, to stay the proceedings pending an appeal to this Court. After a hearing, on May 28, 2015, the trial court denied RSL's motion to compel arbitration and also denied RSL's request to stay the proceedings.

That same day, the trial court granted in part and denied in part a motion for summary judgment filed by Newsome. The court ruled that summary judgment was proper on Newsome's claim that the corrected order approving the transfer nunc pro tunc should be vacated. The court denied summary judgment on Newsome's alternative request to vacate the original transfer order and his claim for attorney's fees. The court vacated its nunc pro tunc order and ruled that it was void when entered.

A few days later, RSL filed a corrected motion to compel arbitration. In its brief, RSL states it filed the corrected motion to attach the most recent version of the Transfer Agreement. In an order signed June 2, 2015, the trial court denied RSL's original motion to compel arbitration, its supplemental motion, and its corrected motion. The court again denied RSL's request to stay the proceeding pending appeal.

Also on June 2, 2015, Newsome filed an application for injunctive relief. He asked the court to enter a TRO and temporary injunction ordering RSL to remit the monthly assigned payments to him until resolution of the litigation and sought $8,000 for the monthly payments RSL had already received. That same day, the trial court granted a TRO and ordered RSL to pay Newsome the amount of all the assigned payments it had received from February 2014 to the present as well as any future payments. The court set a temporary injunction hearing for June 11, 2015. Before the hearing date, on June 8, 2015, RSL filed its notice of interlocutory appeal from the court's May 28 and June 2, 2015 orders denying RSL's motions to compel arbitration and the June 2, 2015 TRO. This Court stayed the trial court proceedings pending further order from this Court.

## MOTION TO COMPEL ARBITRATION

In its first issue, RSL contends the trial court abused its discretion in denying RSL's motions to compel arbitration. RSL maintains it met its threshold burden to prove a valid arbitration agreement existed in the Transfer Agreement. It asserts the parties agreed to arbitrate arbitrability and only the arbitrator could decide if RSL presented a valid claim for arbitration.

We review an order denying a motion to compel arbitration under an abuse of discretion standard. *Bonded Builders Home Warranty Ass'n of Tex., Inc. v. Smith*, 488 S.W.3d 468, 476 (Tex. App.—Dallas 2016, no pet.). We defer to the trial court's factual determinations if they are supported by the evidence, but we review the trial court's legal determinations de novo. *Id.*

Generally, a party seeking to compel arbitration under the Federal Arbitration Act must establish (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims at issue fall within that agreement's scope. *Id.* A court has no discretion and must compel arbitration if these two requirements are met. *Id.*

In its motions to compel, RSL contended that various disputes existed under the Transfer Agreement which were subject to arbitration. Its real complaint seems to be that the trial court did not have the authority to modify the parties' Transfer Agreement. RSL refers to several disputes, including whether it owes Newsome $53,000 or $106,000 and when it must pay him, whether Newsome breached the parties' contract, and whether he was under duress when he signed the agreed motion to correct the nunc pro tunc and detrimentally relied on RSL's promises. In his petition for bill of review, Newsome primarily sought relief on grounds that the trial court's nunc pro tunc order was void because it was signed after the court's plenary power had expired. None of the alleged disputes RSL contends require arbitration is relevant to the issue of whether the court corrected a clerical error or a judicial error when it signed its nunc pro tunc order. *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013) (judgment nunc pro tunc can correct clerical error in original judgment, but not judicial error).

RSL also contends the elements of a bill of review — a meritorious defense or ground for appeal, which Newsome was unable to present due to RSL's fraud, accident, or wrongful act, unmixed with any fault or negligence on Newsome's part — are fact issues that should be decided by an arbitrator. But Newsome was using the bill of review to attack an allegedly void judgment, not to establish that he had a meritorious defense he was unable to present. A claim that a judgment is void because the trial court lacked jurisdictional power to render it constitutes a collateral attack on the underlying judgment. *Walker v. Walker*, No. 05-13-00481-CV, 2014 WL 4294967, at *2 (Tex. App.—Dallas Aug. 21, 2014, no pet.) (mem. op.). When a petitioner uses a bill of review to collaterally attack a judgment on grounds it is void because the court lacked jurisdiction, it is not required to prove the three elements of a bill of review. *Id.*; *see*

*Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985). Thus, these issues were also not relevant to the relief Newsome sought.

As alternative relief, Newsome asked the trial court to vacate both the nunc pro tunc order and the original order approving the transfer and confirm that none of the annuity payments were ever properly transferred to RSL. The legal basis on which Newsome contends in the alternative that the original transfer order should be vacated is unclear. If there is a legal basis for vacating the court's transfer orders, these issues are purely for the trial court to decide. Under the SSPA, a court had to be involved in the process of approving the parties' Transfer Agreement. The agreement was not effective without the trial court's approval. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 141.004. An arbitrator has no role in determining whether to, or the terms on which to, approve a transfer agreement. *See id.* § 141.002(2) (defining "court" as used in SSPA).

We recognize that the arbitration provision in the Transfer Agreement is broad in scope. We further recognize that once a valid arbitration agreement is established, there is a strong presumption favoring arbitration and we resolve doubts as to the agreement's scope in favor of arbitration. *See Rachal v. Reitz*, 403 S.W.3d 840, 850 (Tex. 2013). Under the unique facts of this case, however, we conclude there was nothing for an arbitrator to determine. The disputes asserted by RSL in its motions to compel had no bearing on Newsome's claim that the nunc pro tunc order was void. Further, the alternative relief Newsome sought from the trial court was in the province of the trial court under the SSPA, not an arbitrator. Approving transfers of structured settlement payment rights is a purely judicial function. We conclude the trial court did not abuse its discretion in denying RSL's motions to compel arbitration. We overrule RSL's first issue.

**TEMPORARY RESTRAINING ORDER**

In its second issue, RSL contends the trial court abused its discretion in granting the TRO. A trial court's ruling on a TRO is generally not appealable. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002). RSL maintains the TRO was essentially a temporary injunction because it altered, rather than preserved, the status quo. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2015) (person may appeal interlocutory order that grants temporary injunction). But at oral argument, Newsome represented, without contradiction, that no payments were made pursuant to the TRO. The TRO was signed on June 2, 2015, and expired fourteen days from that date. *See* TEX. R. CIV. P. 680. Accordingly, this issue is moot. We overrule RSL's second issue.

We affirm the trial court's orders.

/Ada Brown/
ADA BROWN
JUSTICE

Schenck, J., dissenting

150718F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RSL FUNDING, LLC AND RSL SPECIAL-
IV, LIMITED PARTNERSHIP, Appellants

No. 05-15-00718-CV      V.

RICKEY NEWSOME, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-14580-L.
Opinion delivered by Justice Brown, Justices
Lang-Miers and Schenck participating.

     In accordance with this Court's opinion of this date, the orders of the trial court are **AFFIRMED**.

     It is **ORDERED** that appellee Rickey Newsome recover his costs of this appeal from appellants RSL Funding, LLC and RSL Special-IV, Limited Partnership.


Judgment entered this 30th day of August, 2016.