

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00337-CV

_____

KAMI MARTIN GAFFIN, Appellant

V.

WILLIAM KELLY PULS, Appellee

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-340223-02

Before Kerr and Bassel, JJ.; and Lee Gabriel (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

In this appeal, we must consider two separate orders that the trial court entered: (1) an order dated August 23, 2019, which appellant, Kami Martin Gaffin, claims is void, and (2) an agreed enforcement order dated June 19, 2009, which the trial court found in the 2019 order to be void. In her first and third issues, Gaffin argues that the trial court did not have jurisdiction or plenary power in 2019 to vacate the 2009 agreed enforcement order; thus, the 2019 order is void. *See* Tex. R. Civ. P. 329b(f). In her second issue, Gaffin contends that the trial court erred by finding the 2009 agreed enforcement order to be void and by concluding that it did not have plenary power to modify the 2003 divorce decree in the 2009 agreed enforcement order. Gaffin contests the trial court's 2019 findings arguing that her enforcement motion resulting in the 2009 order sought to enforce a child-support obligation—the children's tuition expenses—which can be modified in an enforcement action. *See* Tex. Fam. Code Ann. § 155.003. In Gaffin's fourth issue, she argues that in 2019 the trial court improperly considered appellee W. Kelly Puls's testimony and improperly found that Puls had paid the children's tuition because Puls had agreed to the 2009 agreed enforcement order, which concluded that he had not paid the children's tuition. In her final issue, Gaffin contends that even if vacating the tuition provision in the 2009 agreed enforcement order was appropriate, vacating the property-enforcement award was not because there is no finding to support vacatur of the 2009 property-division enforcement. We hold that the June 19, 2009 agreed enforcement

2

order is not void because the trial court had continuing jurisdiction to enter the consent order and that the order is not a modification of the original agreed decree. The trial court erred by finding otherwise. We further hold that the August 23, 2019 order is void because the trial court did not have jurisdiction to enter that order. Accordingly, we vacate the August 23, 2019 order, and we reinstate the May 17, 2019 order that the August 2019 order improperly vacated.

## I. BACKGROUND

Puls filed for a divorce to dissolve his sixteen-year marriage to Gaffin in 2002. The relevant facts of this case date back to a January 28, 2003 agreed final decree of divorce. At the time of the divorce, the couple had three children who were thirteen, nine, and four.[1] There are two provisions in the divorce decree that are pivotal in the saga that followed the decree. Under a heading entitled "Children of the Marriage," there are many subtitles—one of which is "Education."[2] The following language is found under that specific subtitle:

> IT IS ORDERED that . . . Puls shall pay for the children's private school tuition and college expenses, provided the child is a full-time student and maintains at least a "C" or equivalent grade-point average toward the completion of a college bachelor's degree. This obligation includes tuition, activities fees, laboratory fees, books, room and board, health insurance and related uninsured health-care expenses, college

---

[1]Clearly, all of the children are now adults.

[2]The subtitles, appearing in order under the heading "Children of the Marriage," include "Conservatorship and Support," "Possession Order," "Child Support," "Children's Health Insurance," "Education," and "Children's Automobile."

3

sorority and fraternity dues and expenses, and other charges normally related to such education. Said payments shall be made to the school or organization directly within 10 days after receipt of the tuition or organization payment statement.

The second provision in dispute, in Gaffin's motion to enforce, appears under the heading "Division of Marital Estate" and under the subtitle "Cash Settlement." The following is the language in dispute:

The [c]ourt finds that in the interest of equalizing the community estate, . . . Puls has agreed to pay [Gaffin] a total sum of $192,000.00. Therefore, IT IS ORDERED that . . . Puls will pay [Gaffin] $192,000 paid in installments of $3200 for 60 months by electronic transfer or by check until such electronic transfer is set up to an account of [Gaffin's] direction on the 15th of each month with the first of such payments beginning on January 16, 2003. IT IS FURTHER ORDERED that . . . Puls may pay the cash settlement amount in full or in part for a credit towards future months at anytime prior to the terms of this schedule without penalty. This money is not to be considered contractual alimony, and carries with it no attendant tax consequences.

In 2007, Puls allegedly stopped making child-support payments to Gaffin, failed to pay the children's private-school tuition for the 2006-07 and 2007-08 school years, and failed to pay installments on the $192,000 property-division equalization. On December 28, 2007, Gaffin filed a motion for enforcement of the child-support and property-division provisions, sought to hold Puls in contempt, and requested a "confirmation of all arrearages and rendition of judgment plus interest." Puls then filed for bankruptcy protection, which abated the enforcement action.

The case was reinstated on February 2, 2009, and the motion for enforcement was set for a March 20, 2009 hearing. Before the hearing, Gaffin filed an amended

motion for child-support enforcement alleging that Puls had not paid child support between February 2008 and March 2009. At the hearing, the trial court "disposed" of the child-support arrearages that had occurred between February 2008 and March 2009.[3] Gaffin then filed a supplemental motion for child-support enforcement and a motion to enforce the property division on June 4, 2009, arguing that Puls had failed to pay child support between April 2007 and January 2008, had failed to pay the children's tuition for the 2006 through 2009 school years, and had failed to make installment payments on the cash settlement since June 2004. Gaffin again requested contempt punishment and "confirmation of all arrearages and rendition of judgment plus interest." On June 19, 2009, the trial court signed an agreed order on the supplemental motion, finding that Puls had failed to pay the cash settlement and the children's tuition. The trial court rendered a judgment in favor of Gaffin, awarding her $222,039.86 plus interest.[4] Gaffin and Puls signed the order, affirming that they each agreed to the order's form and content.[5] Puls was also held in contempt in a separate order. Neither party appealed these orders or timely filed a bill of review.

---

[3]The record does not include the reporter's record from this hearing.

[4]Of this amount, $72,364.58 was tied to the unpaid tuition; the remaining amount presumably was for the unpaid cash-settlement installments.

[5]It is relevant to note that Puls has been a practicing attorney, at all times, during this case.

5

After Gaffin sought satisfaction of her June 19, 2009 agreed enforcement order through Puls's law-firm distributions, the trial court signed a turnover order as to the proceeds. Gaffin later sought to hold Puls in contempt for failing to comply with the turnover order. A hearing was held on Gaffin's amended second motion for contempt on December 6, 2018, and the trial court's order on this motion was rendered on May 17, 2019, finding that Puls had disobeyed the turnover order but vacating the turnover order and awarding Gaffin a money judgment instead.[6] On June 17, 2019, Puls filed a motion asking the trial court to take an assortment of actions including (1) setting aside the agreed enforcement order dated June 19, 2009, on Gaffin's amended second motion for contempt; (2) vacating that same order; (3) declaring the same June 19, 2009 agreed enforcement order void; (4) ordering two cash bonds to be immediately released to Puls; (5) dismissing the case with prejudice; (6) ordering all monies paid by Puls to Gaffin or her attorney to be immediately returned to him; or, in the alternative, (7) granting Puls a new trial. Puls asked that the 2009 agreed enforcement order be declared void because it had impermissibly modified the divorce decree and thus was entered outside the court's plenary power. At the hearing on Puls's motion, he was allowed to testify, over Gaffin's objection,

---

[6]Puls filed a notice of appeal from this order on August 15, 2019, but we dismissed the appeal as moot based on Puls's motion to dismiss, which stated that the trial court had declared the 2009 enforcement order void. *See Puls v. Gaffin*, No. 02-19-00302-CV, 2019 WL 4509208, at *1 (Tex. App.—Fort Worth Sept. 19, 2019, no pet.) (per curiam) (mem. op.).

that he had paid "100 percent" of his children's private-school and college tuition totaling $1,156,000 in payments and that there were "no outstanding educational expenses to be paid."

On August 23, 2019, the trial court declared the June 19, 2009 agreed enforcement order void and vacated the May 17, 2019 order.[7] In findings of fact and conclusions of law, the trial court specifically found that Puls had "fulfilled [the] contractual [tuition] obligation" and that by ordering Puls to pay the tuition expenses directly to Gaffin in 2009, the trial court had impermissibly modified the original decree. Reasoning that this modification was not allowed, the trial court found that there was no jurisdiction to enter the 2009 agreed enforcement order.

Four days later, Gaffin filed a mandamus petition in this court arguing that the 2019 order was void because it was entered outside the trial court's plenary power. This court denied the petition. *In re Gaffin*, No. 02-19-00315-CV, 2019 WL 4132504, at *1 (Tex. App.—Fort Worth Aug. 30, 2019, orig. proceeding) (mem. op.), *mand. denied*, 2022 WL 2183301, at *1 (Tex. June 17, 2022). On September 10, 2019, Gaffin filed a petition for writ of mandamus in the Texas Supreme Court. Nine days later, Gaffin filed her notice of appeal to this court. On June 17, 2022, the Supreme Court denied the petition for writ of mandamus. *In re Gaffin*, No. 19-0805, 2022 WL

---

[7]The trial court did not grant a new trial.

2183301, at *1 (Tex. June 17, 2022) (orig. proceeding). This appeal has remained pending.

## II. STANDARD OF REVIEW

A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Unchallenged fact-findings are entitled to the same weight as a jury's verdict and are binding on an appellate court unless either the contrary is established as a matter of law or no evidence supports the finding. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986); *Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W.3d 892, 902 & n.4 (Tex. App.—Fort Worth 2008, no pet.). In other words, we defer to unchallenged fact-findings that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

We review the trial court's ruling on a motion for enforcement under an abuse-of-discretion standard. *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Id.* We review the trial court's conclusions of law de novo. *Hegar v. Am. Multi-Cinema Inc.*, 605 S.W.3d 35, 40 (Tex. 2020).

As with other final, unappealed judgments that are regular on their face, divorce decrees and judgments are not vulnerable to collateral attack. *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). The decree must be void, not voidable, for a

8

collateral attack to be permitted. *Id.* Errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct appeal. *Id.*

### III. TWO QUESTIONS

This appeal boils down to two questions that the parties disagree on. First, did the trial court have jurisdiction to enter the 2009 agreed enforcement order? Gaffin says "yes," and Puls says "no." Second, did the trial court have jurisdiction in 2019 to declare the 2009 agreed enforcement order void? Unsurprisingly, Gaffin says "no," and Puls says "yes." The answers to these two questions, which are raised in the first three issues by Gaffin, resolve this appeal.

### A. Did the trial court have jurisdiction to enter the 2009 agreed enforcement order?

In her second issue, Gaffin argues that the trial court had plenary power over the 2009 agreed enforcement order because her enforcement action sought to enforce a child-support obligation, which can be modified in an enforcement action. *See* Tex. Fam. Code Ann. §§ 155.003(a), 157.001. She contends that the trial court had continuing exclusive jurisdiction over the children and express statutory authority to enforce or modify the order relating to the support of the parties' children. *See id.* Puls, on the other hand, seems to contend that the tuition payments are part of the property division. Puls offers no authority to support this argument. He also argues that the trial court made a finding of fact after the 2019 order that "[n]owhere in the

9

original decree does it state that . . . Puls had the obligation to pay educational expenses either to . . . Gaffin or as additional child support." Puls argues that because the trial court's finding of fact is not challenged by Gaffin on appeal, that finding is binding on this court. The decree speaks for itself, and we recognize and agree that the decree did not order the tuition payments to be paid to Gaffin and that the decree does not explicitly place those payments into a specific category. These payments were ordered under the section of the agreed decree entitled "Children of the Marriage," and they were payments ordered for the benefit of the children.

The question of whether day-care and tuition payments were child-support payments was before the Supreme Court in *Ochsner v. Ochsner.* 517 S.W.3d 717, 728 (Tex. 2016). In that case, the majority disagreed with the dissent of two justices and their position that under the decree in question, the payments were not child support as a "counter intuitive reading of the decree" and found that a "common-sense reading" of the provisions concerning the children led to the conclusion that the tuition payments were "a form of child support." *Id.*; *see In re H.L.B.*, No. 05-18-01061-CV, 2020 WL 104623, at *4 (Tex. App.—Dallas Jan. 9, 2020, no pet.) (mem. op.) (holding that regardless of the label placed upon it, father's obligation to pay minor child's school tuition was an obligation undertaken to fulfill a duty owed directly to the minor and, as a result, was a form of child support). Common sense would tell us that these agreed payments from an unchallenged decree were designed to aid the children by paying for their education and not to divide the property of the

10

marital estate. Because of our resolution of this issue, which is explained below, whether the direct-tuition payments ordered in the agreed decree were child-support payments or payments made pursuant to a property division does not matter. Nor does it matter if the 2009 order was a permissible modification under the Family Code section argued by Gaffin.

Gaffin contends that the trial court had plenary power to enter the 2009 agreed enforcement order due to the motion to enforce. Puls argues that the 2009 agreed enforcement order is void and unenforceable because it impermissibly modifies or changes the agreed decree and was signed after the trial court's plenary power had expired. Puls does not now and has never challenged the tuition payments ordered in the agreed decree. On appeal, Puls does not contend that the 2009 agreed enforcement order changed the amount that he was required to pay for tuition as set forth in the unchallenged decree but instead confines his attack to the change of payee from the "school or organization," as contained in the decree, to Gaffin. He posits that this change of payee amends, modifies, alters, or changes the actual substantive division of property. As a result, he argues that the 2009 order is void because it was entered outside the plenary jurisdiction of the court.

After a trial court issues a divorce decree, it retains continuing subject-matter jurisdiction to enforce and implement the orders contained in the decree. *See* Tex. Fam. Code Ann. § 9.002; *Gainous v. Gainous*, 219 S.W.3d 97, 106 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (op. on reh'g). Specifically, the court has

11

continuing jurisdiction to render further orders to enforce the decree of divorce and "to assist in the implementation of or to clarify the prior order." Tex. Fam. Code Ann. § 9.006(a). Puls contends that the 2009 agreed enforcement order violated Section 9.007 of the Texas Family Code,[8] which provides that

> (a) [a] court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

> (b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

*Id.* § 9.007.

It bears repeating that Puls agreed to the amount of tuition, that he failed to pay it, and equally important, that he agreed the amount should be paid to Gaffin rather than the schools his children had been attending.[9] So the question remains: did the trial court have jurisdiction to enter the 2009 agreed enforcement order? Because the 2009 agreed order did not modify or alter the agreed decree, the answer is yes. It is true that a judgment is void if the trial court has no jurisdiction to enter the

---

[8]This provision deals only with changes to the division of property.

[9]On appeal, Puls argues that there was no evidence that Gaffin had paid any of the education expenses. There was no evidence before the trial court at all because the parties submitted an agreed enforcement order. Further, Puls argued to the trial court and seems to suggest on appeal that he agreed to the 2009 agreed enforcement order to avoid going to jail. Why he agreed is not an issue before this court.

particular judgment. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); *Gainous* 219 S.W.3d at 105. It is further true that "[s]ubject[-]matter jurisdiction cannot be conferred by consent." *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (quoting *Tourneau Hous., Inc. v. Harris Cnty. Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on reh'g)).

But contrary to Puls's argument, the trial court had continuing jurisdiction to enforce its decree, and the change of payee is not an alteration or modification of the original agreed decree that required Puls to pay the children's tuition. *See Gomez v. Gomez*, 632 S.W.3d 4, 8 (Tex. App.—El Paso 2020, no pet.) (holding that the court's enforcement of the divorce decree by an award of a money judgment did not violate the rule that a decree may not later be amended under the guise of an enforcement action); *DeGroot v. DeGroot*, 369 S.W.3d 918, 923 (Tex. App.—Dallas 2012, no pet.) (holding that the court properly awarded a money judgment where prior order of payment was made impossible by husband and when the order was not an impermissible substantive change from the decree).

We can analogize this 2009 agreed enforcement order—requiring Puls to make payments to Gaffin instead of to the organization or school—to an amended QDRO that requires payments to be made to a different alternate payee. In *Quijano v. Quijano*, the appellant contended that an amended QDRO was void because it made the child of the marriage the alternate payee when the decree had named the wife as the original alternate payee. 347 S.W.3d 345, 353 (Tex. App.—Houston [14th Dist.] 2011, no

pet.). Father argued that the trial court changed the substantive division of property in the decree in violation of Family Code Section 9.007. *Id.* In *Quijano*, the court held that "the designation of the child as the alternate payee in the amended QDRO was proper and did not change the substantive division of property contained in the decree." *Id.* at 354–55; *see Reiss v. Reiss*, 118 S.W.3d 439, 442 (Tex. 2003) (holding that the QDRO had served its intended purpose of implementing the unappealed divorce decree and did not impermissibly alter, modify, or change that decree); *Thomas v. Daniel*, No. 02-21-00182-CV, 2022 WL 623474, at *3 (Tex. App.—Fort Worth Mar. 3, 2022, no pet.) (mem. op.) (holding that the trial court may render a postdecree enforcement order or QDRO to effectuate the division of property ordered by the court).

The agreed order at issue simply changed the payee to effectuate the agreement that Puls would pay the educational expenses for the children and did not change the substantive order for support or the division of property. We hold that the trial court did have jurisdiction to enter the 2009 agreed enforcement order. We sustain Gaffin's second issue.

### B. Did the trial court have jurisdiction in 2019 to declare the 2009 agreed order void?

Neither party appealed the original agreed divorce decree. Neither party directly appealed the 2009 agreed enforcement order or timely filed a bill of review contesting that order. Puls waited over ten years to challenge the 2009 agreed

14

enforcement order. Gaffin argues in her first and third issues that because the trial court had jurisdiction to approve and render the 2009 agreed order, the trial court did not have plenary power, ten years later, to find it void. Thus, she contends that the 2019 order is void. Puls responds by maintaining that the 2009 order is void and can be attacked collaterally at any time.

"A collateral attack does not attempt to secure the rendition of a single, correct judgment in place of a former one, but[] instead seeks to avoid the effect of a judgment through a proceeding brought for some other purpose." *Gainous*, 219 S.W.3d at 105; *Armentor v. Kern*, 178 S.W.3d 147, 149 (Tex. App.—Houston [1st Dist.] 2005, no pet.). To prevail on a collateral attack, a party to the original judgment has the burden to prove the complained-of judgment is void, not simply voidable. *Hagen*, 282 S.W.3d at 902. "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook*, 733 S.W.2d at 140 (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)). A decree or order must be void, not voidable, for a collateral attack to be permitted. *Hagen*, 282 S.W.3d at 902.

We must also recognize that the 2009 order was a "consent judgment." The Texas Supreme Court clarified the procedure for attacking a "consent judgment" in *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (op. on reh'g). The court held that in a case in which a consent judgment was rendered by a court with "jurisdictional

15

power," a bill of review was the exclusive remedy when the time for appeal from the consent judgment had expired. *Id.*; *see* Tex. R. Civ. P 329b(f). In so finding, the court stated, "We find it unnecessary to decide whether the consent judgment was void or merely voidable." *Middleton*, 689 S.W.2d at 213. "Jurisdictional power" was defined as "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Id.* Indisputably, the trial court, in this case in 2009, had jurisdictional power pursuant to this definition.

The 2009 order was a consent judgment, which Puls did not directly appeal. Ten years later, he filed a "Verified Motion for New Trial, Motion to Declare the June 19, 2009 Order Void[,] and Motion to Immediately Release Cash Bonds." This motion does not conform to the requirements of a bill of review, which was the only remedy available to him in the trial court. *See Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974). Thus, the answer to the second question—did the trial court have jurisdiction in 2019 to declare the 2009 agreed order void—is no. We sustain Gaffin's first and third issues.

## IV. CONCLUSION

As discussed extensively above, the 2009 agreed enforcement order is not void. The trial court erred by finding that it was. In 2019, Puls collaterally attacked the 2009 agreed enforcement order but did not do so through a bill of review. For all the reasons discussed, the trial court did not have jurisdiction in 2019 to find the 2009 agreed order void and the 2019 order is itself void. *See id.*

16

We conclude that Puls has had a full opportunity to seek relief. The record does not justify a remand for further litigation on the issues before this court. Where the issue was fully developed, rendition is appropriate. Tex. R. App. P. 43.3. Accordingly, we vacate the August 23, 2019 order as void, and we reinstate the May 17, 2019 order.[10]

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: March 2, 2023

---

[10]As a result of this disposition, we need not address Gaffin's remaining issues. *See* Tex. R. App. P. 47.1.