**Petition for Writ of Mandamus Conditionally Granted and Opinion filed October 1, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00429-CV

## IN RE ALBA ZUYAPA MARTINEZ, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
247th District Court
Harris County, Texas
Trial Court Cause No. 2013-17777

## O P I N I O N

Relator Alba Zuyapa Martinez has filed a petition for writ of mandamus. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Alba asks this court to compel the Honorable John Schmude, presiding judge of the 247th District Court of Harris County, to vacate his March

9, 2015 order declaring the December 17, 2013 divorce decree void. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

In March 2013, Milco Ivan Melgar, who was then Alba's husband, filed a petition for divorce. Several months later, on November 18, 2013, the Honorable Carolyn Marks Johnson, sitting as a visiting judge, dismissed the case for want of prosecution. Ivan filed a motion to reinstate. Judge Johnson heard the case on December 11, 2013, before reinstating it. Twenty-nine days after signing the dismissal order, Judge Johnson signed an "Agreed Final Decree of Divorce" (hereinafter "Divorce Decree"), awarding the parties' home to Alba. On the same date, Judge Johnson also signed an order reinstating the case. The following year, in September 2014, Ivan filed a petition to set aside the Divorce Decree. In an amended petition, Ivan asked the court to modify or reform the decree to award the home to him.

Alba then filed a motion to enforce the Divorce Decree by contempt or to clarify, if necessary. Alba alleged that Ivan refused to vacate the home and had obstructed her efforts to take ownership of it. The trial court held a hearing on Alba's motion for enforcement. Ivan's attorney pointed out that the Divorce Decree states that the case was heard on December 11, 2013, a date before the case was reinstated. The trial court asked the parties to submit briefs regarding the trial court's jurisdiction to render the Divorce Decree after the trial court had dismissed the case.

2

The trial court then held another hearing. Both Alba and Ivan testified. The parties are from Honduras and do not speak English. At the end of the second hearing, the trial court found, based on the testimony of the parties, that (1) neither party understood the Divorce Decree at the time of the "prove-up"; (2) neither party was capable of providing any evidence through their testimony to support a just and right property division as set forth in the decree because there was no interpreter; (3) under these circumstances, there could not possibly have been a "legal prove-up" sufficient to support the Divorce Decree; and (4) therefore, the Divorce Decree is void on its face.

The trial court signed an order on March 9, 2015, declaring that the Divorce Decree is void. In its order, the trial court did not rule on Ivan's amended petition or on his request that the court modify or reform the Divorce Decree to award the home to him. Alba brought this original proceeding, seeking to have the March 9, 2015 order set aside as void.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a relator generally must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re State of Texas*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). A relator need not show that she does not have an

3

adequate remedy by appeal when the order at issue is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## III. ANALYSIS

### A.    Expiration of Plenary Power

In her mandamus petition, Alba argues that the trial court signed the March 9, 2015 order ("Order") after the court had lost plenary power over the Divorce Decree and that the Order is void. In March 2015, more than fourteen months after signing the Divorce Decree, the trial court signed the Order in the same case in which the court rendered the Divorce Decree. No party had timely filed a post-judgment motion, and the trial court's plenary power had expired long before the court signed the Order. This expiration of plenary power is significant because it severely limits the circumstances under which the trial court can sign an order in the same case in which the court sets aside, vacates, modifies, corrects, or reforms its judgment.

A trial court has plenary power to grant a new trial or vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The filing of a motion for new trial or a motion to modify, correct, or reform the judgment within the initial thirty-day period extends the trial court's plenary power over its judgment up to an additional seventy-five days, depending on when or whether the court acts on the motion. *See* Tex. R. Civ. P. 329b (c), (e), (g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310.

4

After a trial court's plenary power over a final judgment has expired, the trial court generally cannot sign an order in the same case in which the court sets aside, vacates, modifies, corrects, or reforms its judgment, and an order in which the trial court does so generally is void. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Middleton v. Murff*, 689 S.W.2d 212, 213–14 (Tex. 1985) (per curiam). There are some exceptions to this rule. Even after expiration of plenary power, a trial court in the same case may sign an order rendering judgment nunc pro tunc to correct a clerical error in the record of the judgment. *See* Tex. R. Civ. P. 316, 329b(f). After expiration of plenary power, a trial court still may sign an order declaring a prior judgment or order to be void because the trial court signed the prior judgment or order after expiration of the court's plenary power. *See* Tex. R. Civ. P. 329b(f). Notwithstanding the language of Texas Rule of Civil Procedure 329b(f), after the apparent expiration of plenary power over a judgment, a trial court still may sign an order declaring the judgment to be void because the trial court lacked subject-matter jurisdiction to render the judgment. *See* Tex. R. Civ. P. 329b(f) (stating that "[o]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under [Texas] Rule [of Civil Procedure] 316, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired"); *Middleton*, 689 S.W.2d at 213–14 (stating that, notwithstanding the language of Rule 329b(f), a trial court may declare a prior judgment void and set it aside, after expiration of plenary power and

without using the bill-of-review procedure, if the trial court lacked subject-matter jurisdiction to render the prior judgment); *In re S.A.H.*, 465 S.W.3d 662, 665−667 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (affirming order in which the trial court declared that its prior final judgment was void for lack of subject-matter jurisdiction based on a collateral attack filed in same case more than five years after rendition of judgment); *In re Stern*, 436 S.W.3d 41, 43–48 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. dism'd]) (denying mandamus relief as to order in which trial court declared that its prior final judgment in the case was void based on the court's lack of subject-matter jurisdiction, after expiration of the trial court's plenary power and without using the bill-of-review procedure); *Parker v. Dennis*, No. 14-12-00085-CV, 2013 WL 5346417, at *1–3 (Tex. App.—Houston [14th Dist.] Aug. 27, 2013, no pet.) (mem. op.) (affirming order in which trial court declared that its prior judgment in the case was void based on the court's lack of subject-matter jurisdiction, after expiration of the trial court's plenary power and without using the bill-of-review procedure).

Texas jurisprudence is still developing as to the circumstances under which a defendant may collaterally attack a final judgment based on grounds other than lack of subject-matter jurisdiction. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012); *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012). The Supreme Court of Texas has stated that such a collateral attack is available if there was "a complete failure or lack of service" that violates due process. *See PNS Stores, Inc.*, 379 S.W.3d at 273–74; *In re E.R.*, 385 S.W.3d at 566. We presume for the sake of argument that after expiration of plenary power and without using the bill-of-

6

review procedure, a trial court may declare its prior final judgment in the same case to be void based on a complete failure or lack of service that violates due process or on any ground that would allow a collateral attack of the judgment.[1] *See PNS Stores, Inc.*, 379 S.W.3d at 273–74; *In re E.R.*, 385 S.W.3d at 566.

## B. Potential Bases for the Order

In the Order, the trial court declared that the Divorce Decree is void. In its statements in open court, the trial court stated that this conclusion was based on the parties' lack of understanding of the Divorce Decree's terms and the parties' inability to have "proved up" the allegedly agreed decree due to their inability to speak English and the absence of an interpreter at the hearing regarding the proposed decree. In this proceeding, Ivan asserts that the Divorce Decree also was void because: (1) the trial court had not reinstated the case prior to signing the Divorce Decree; (2) the decree does not divide all the marital property; and (3) the decree omits orders involving three children born during the marriage, but not fathered by Ivan.

We presume for the sake of argument that the trial court declared the Divorce Decree to be void because: (1) Ivan and Alba did not understand the

---

[1] Even after expiration of plenary power, the trial court still may set aside a prior final judgment in a timely filed bill-of-review proceeding, but this is an independent proceeding that should have a different cause number. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *Boateng v. Trailblazer Health Enterprises, L.L.C.*, 171 S.W.3d 481, 493–94 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Therefore, the trial court's order in a bill-of-review proceeding is not an order in the case in which the trial court rendered the final judgment. If a party timely pursues a regular appeal or a restricted appeal from a final judgment, the appellate court may reverse, vacate, or modify the trial court's final judgment. *See* Tex. R. App. P. 43.2. The case under review does not involve a bill-of-review proceeding or an appeal from the Divorce Decree.

Divorce Decree's terms and were not able to "prove up" the allegedly agreed decree at the hearing as to whether the trial court should approve this decree; (2) the trial court had not reinstated the case prior to signing the Divorce Decree; (3) the decree does not divide all the marital property[2]; and (4) the decree omits orders involving three children born during the marriage, but not fathered by Ivan. Even under these presumptions, the Order is not a judgment nunc pro tunc that corrects a clerical error in the record of the Divorce Decree. *See* Tex. R. Civ. P. 316. The Order is not an order declaring the Divorce Decree to be void because the trial court signed the Divorce Decree after expiration of the court's plenary power.[3] *See* Tex. R. Civ. P. 329b(f). In the Order, the trial court does not declare the Divorce Decree to be void based on (1) a lack of subject-matter jurisdiction to render the Divorce Decree, (2) a complete failure or lack of service that violates due process, or (3) any ground that would allow a collateral attack of the judgment. *PNS Stores, Inc.*, 379 S.W.3d at 273–74 (describing potential collateral attack ground based on a complete failure or lack of service that violates due process); *Middleton*, 689 S.W.2d at 213–14 (stating that, even if trial court rendered a "consent judgment,"

---

[2] Ivan does not appear to have raised this argument in the trial court, but we presume for the sake of argument that it is a potential basis for the Order. Though Ivan or Alba could file suit under Texas Family Code section 9.201 seeking a division of property allegedly not divided or awarded to either spouse in the Divorce Decree, such a suit would not provide a means for the trial court, after expiration of plenary power, to sign an order in the same case in which the court declares that the Divorce Decree is void. *See* Tex. Fam. Code Ann. § 9.201, *et seq*. (West 2006).

[3] The trial court signed the Divorce Decree on December 17, 2013—twenty nine days after dismissing the case for want of prosecution and during the trial court's plenary power. Presuming that the trial court signed the Divorce Decree before the reinstatement order, the trial court nonetheless signed an order reinstating the case on its docket later on the same date.

8

to which some of the parties had not consented, the trial court still had subject-matter jurisdiction to render the judgment).

Because the Order does not fall within any of the potential exceptions to the rule that, after expiration of plenary power, the trial court generally cannot sign an order in the same case in which the court sets aside, vacates, modifies, corrects, or reforms its judgment, the Order is void, and Alba is entitled to mandamus relief.[4] *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Middleton*, 689 S.W.2d at 213–14.

## IV. CONCLUSION

The Order is void. Therefore, the trial court abused its discretion by signing the Order and declaring the Divorce Decree to be void. Because the Order is void, Alba need not show that she does not have an adequate remedy by appeal. Thus, Alba has established that she is entitled to mandamus relief. Accordingly, we conditionally grant Alba's petition for writ of mandamus and order the trial court to vacate its March 9, 2015 order. The writ will issue only if the trial court fails to act in accordance with this opinion.

/s/     Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

---

[4] Our ruling today in no way prevents any party from seeking to set aside the Divorce Decree through an independent bill-of-review proceeding.