YVONNE T. RODRIGUEZ, Justice
Edith Roman and Alejandro Hernandez, filed a mandamus petition against the Honorable Carlos Villa, Judge of the County Court at Law No. 5 of El Paso County, Texas. They ask that the Court issue a writ of mandamus directing Respondent to vacate a no-answer default judgment entered against Roman, quash the writ of execution, and dismiss the suit against her. We conditionally grant Roman's request for mandamus relief, in part, and order Respondent to quash the writ of execution. All other requested mandamus relief is denied.
FACTUAL SUMMARY
Roman placed a Mechanic and Materialman's lien on real property owned by Jose Luis Rios Ramirez, Sr. and Velia Rios Ramirez located at 2504 Memphis in El Paso. She also placed a Mechanic and Materialman's lien on real property owned by Jose Luis Rios Ramirez, Jr. located at 1206 Stockwell in El Paso. The Rios Family filed suit against Edith Roman to remove these liens, and to recover damages and attorney's fees. The Rios Family alleged in their petition that no Mechanic's Lien contract was filed as required by Section 53.254 of the Property Code. Further, they alleged that Roman had never provided any services at either of the homes. Hernandez is not named in the petition, but he claims that he has an interest in the case because he is married to Roman.
The mandamus record shows that Roman was personally served on July 17, 2017. When Roman did not file an answer, the Rios Family filed a motion for default judgment. On August 9, 2017, the trial court entered a default judgment against Roman. Relators have not filed the reporter's record of the default judgment hearing. The judgment recites that the lien and notices of lien filed by Roman on the properties are invalid, and it orders the liens removed from the real property records of El Paso County, Texas. The judgment awards attorney's fees in the amount of $4,536.93 plus conditional awards in the event of an unsuccessful appeal. The judgment also awards the Rios Family statutory damages in the amount of $10,000, assesses costs against Roman, and authorizes the Rios Family and the clerk to execute on the judgment.
Roman filed a motion for new trial on August 16, 2017. On August 24, 2017, she filed a motion to set aside an order directing the trial court clerk to set aside the liens. The trial court denied both motions on September 20, 2017. On October 20, 2017, Roman and Hernandez filed a mandamus petition challenging the default judgment. The Court granted their motion for emergency relief and ordered the writ of execution stayed pending review of the mandamus petition. Roman filed notice of *76 appeal from the default judgment on November 7, 2017 and we docketed that appeal as cause number 08-17-00235-CV.
FINALITY OF DEFAULT JUDGMENT
Relators raise two issues challenging the default judgment. In Issue One, they argue that the default judgment is void due to a lack of personal jurisdiction over Roman. In Issue Two, Relators contend that the default judgment is not final, and therefore, the writ of execution should be quashed. We will address Issue Two first because review of Issue One is not available if the default judgment is final and appealable.
Standard of Review
To be entitled to mandamus relief, a relator must generally meet two requirements. First, the relator must show that the trial court clearly abused its discretion. In re Prudential Insurance Company of America , 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. In re Green , 527 S.W.3d 277, 279 (Tex.App.-El Paso December 2, 2016, orig. proceeding) ; In re Mid-Century Insurance Company of Texas , 426 S.W.3d 169, 178 (Tex.App.-Houston [1st Dist.] 2012, orig. proceeding). Second, the relator must show that it has no adequate remedy by appeal. In re Prudential Insurance , 148 S.W.3d at 135-36.
Standing
Hernandez was not a party to the underlying suit or the trial court's judgment. He asserts that he has standing by virtue of his marriage to Roman, but he has not presented evidence in the mandamus record to support his claim. Accordingly, we conclude that Hernandez has failed to establish he is entitled to mandamus relief. The remainder of the opinion will address the issues as they apply to Roman.
Interlocutory Default Judgment
Roman argues in Issue Two that the default judgment entered by the trial court is not a final judgment, and therefore, the order permitting execution of the judgment should be vacated and the writ of execution quashed. She asserts that the default judgment did not expressly dispose of the Rios Family's slander of title claim and request for exemplary damages, and therefore, the judgment is not final and the trial court erred by issuing the writ of execution.
As a general rule, a party may only appeal from a final judgment. Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 195 (Tex. 2001). Whether a judicial decree is a final judgment is determined from its language and the record in the case. Id. A judgment that actually disposes of all parties and all claims is final, regardless of its language. Id. at 200. If a case is resolved following a trial on the merits, courts presume that the judgment is final. This presumption does not exist when there is a default judgment. In re Burlington Coat Factory Warehouse of McAllen, Inc. , 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding); Lehmann , 39 S.W.3d at 199-200. Therefore, the Court must examine the judgment and record to determine if the trial court disposed of each claim.
The Rios Family filed suit to declare the liens invalid and unenforceable, and to remove them from the real property records. This claim is based on both the Property Code and the Declaratory Judgment Act. The trial court's judgment expressly disposed of this claim.
The petition also alleges a claim under Section 12.002 of the Civil Practice and Remedies Code. This statute addresses liability *77 of a person for making, presenting, or using a document or other record with knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property. TEX.CIV.PRAC. & REM.CODE ANN. § 12.002(a) (West 2017). Under the statute, a plaintiff may recover the greater of $10,000 or actual damages caused by the violation, court costs, reasonable attorney's fees, and exemplary damages. TEX.CIV.PRAC. & REM.CODE ANN. § 12.002(b). The default judgment expressly disposes of this claim and awards statutory damages in the amount of $10,000. See TEX.CIV.PRAC. & REM.CODE ANN. § 12.002(b). The Rios Family requested exemplary damages under the statute, but the trial court did not make such an award.
The Supreme Court held in Burlington Coat Factory that a default judgment was not final because it did not dispose of the plaintiff's claim for exemplary damages based on gross negligence. In re Burlington Coat Factory , 167 S.W.3d 827 (Tex. 2005). The instant case is distinguishable because the trial court expressly disposed of the claim on which the request for exemplary damages is based. The judgment does not lack finality merely because the court did not expressly deny the request for exemplary damages under this statutory claim. The rules regarding finality only require that the judgment dispose of all claims and parties . It does not require that the judgment dispose of a party's requests for different types of damages made in connection with a single claim that is clearly disposed of in the default judgment.
The Rios Family's pleadings also alleged a claim for "slander of title." A slander of title is defined as a false and malicious statement made in disparagement of a person's title to property which causes him or her special damages. Taub v. Houston Pipeline Co. , 75 S.W.3d 606, 616 (Tex.App.-Texarkana 2002, pet. denied). The elements of this claim are: (1) the uttering and publishing of the disparaging words; (2) that they were false; (3) that they were malicious; (4) that the plaintiff sustained special damages thereby; and (5) that the plaintiff possessed an interest in the property disparaged. Taub , 75 S.W.3d at 616. In order to recover on this claim, the Rios Family was required to plead and prove the loss of a specific sale. Hill v. Heritage Resources, Inc. , 964 S.W.2d 89, 109-10, 115-16 (Tex.App.-El Paso 1997, pet. denied).[1] The default judgment does not specifically dispose of this claim. While the judgment includes the classic "Mother Hubbard" language, "[a]ll relief not expressly granted is denied," the inclusion of this clause does not indicate finality with regard to a default judgment. See In re Burlington Coat Factory , 167 S.W.3d at 829-30. Further, there is nothing to indicate that the Rios Family abandoned the slander of title claim.
When a default judgment does not expressly dispose of all claims, it cannot be final unless its words unequivocally express an intent to finally dispose of the case. See Lehmann , 39 S.W.3d at 200. Lehmann provides an example of unequivocal language the Supreme Court finds sufficient to indicate finality: "This judgment finally disposes of all parties and all claims and is appealable." The Supreme Court noted that this statement would leave no doubt about the court's intention. Id. at 206. In the instant case, the judgment does not include this language or a similar unequivocal expression of finality.
*78 The Rios Family argues that the judgment has the necessary indicia of finality because it awards costs and authorizes enforcement of the judgment, but the Supreme Court has found that these factors are not dispositive in a case involving a default judgment. See In re Burlington Coat Factory , 167 S.W.3d at 830 ; Houston Health Clubs, Inc. v. First Court of Appeals , 722 S.W.2d 692, 693 (Tex. 1986) ; see also Morin v. Rivera , No. 13-17-00096-CV, 2017 WL 6047708 (Tex.App.-Corpus Christi-Edinburg December 7, 2017, no pet. h.) (provisions in judgment awarding costs and authorizing plaintiff to enforce the judgment through "writs and processes" does not unequivocally indicate finality).
This case contains one additional indicia of finality not present in Burlington or Houston Health Clubs . The judgment states:
All costs of court expended or incurred in this cause are taxed against Defendant Edith Roman. All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.
Rule 622 of the Texas Rules of Civil Procedure provides that "[t]he clerk of the district or county court or the justice of the peace, as the case may be, shall tax the costs in every case in which a final judgment has been rendered and shall issue execution to enforce such judgment and collect such costs." TEX.R.CIV.P. 622. Under Rule 622, the trial court clerk is mandated to collect the costs of court assessed against a party in the final judgment. The trial court was presumably aware that an interlocutory judgment may not be enforced through execution. Consequently, it can be argued that the quoted language of the judgment clearly indicated that the trial court intended to enter a final judgment. The dissenting opinion in In re Burlington Coat Factory made this same argument with regard to the execution of the judgment but the majority was not persuaded that the presence of this language made the default judgment final. See In re Burlington Coat Factory , 167 S.W.3d at 832 (O'Neill, J., dissenting).
We have also reviewed the record to determine whether there is any evidence that the Rios Family dismissed or abandoned the claim. The mandamus record does not reflect that the Rios Family non-suited the slander of title claim or filed an amended petition deleting this claim. See Rosedale Partners, Ltd. v. 131st Judicial District Court Bexar County , 869 S.W.2d 643, 648-49 (Tex.App.-San Antonio 1994, orig. proceeding) (concluded that the default judgment was interlocutory where it did not explicitly dispose of claims for prejudgment interest and attorney's fees, and there was no evidence that the plaintiffs abandoned the claims at the time the trial court rendered the default judgment).
Given that the default judgment does not expressly dispose of the slander of title claim and does not contain an unequivocal expression of finality, it is not yet a final judgment.[2] Consequently, the trial court abused its discretion by permitting execution to issue because an interlocutory judgment cannot be enforced through execution. TEX.R.CIV.P. 622 ; In re Burlington Coat Factory , 167 S.W.3d at 831. Further, Roman does not have an adequate remedy by appeal to address this *79 error. See In re Burlington Coat Factory , 167 S.W.3d at 831. Issue Two is sustained.[3]
Personal Jurisdiction
In Issue One, Roman argues that the default judgment is void because the court lacked personal jurisdiction over her. More specifically, she asserts that the trial court erred by entering an order permitting her to be served by substituted service under TEX.R.CIV.P. 106.
The trial court entered an order under TEX.R.CIV.P. 103 for service by a person other than a certified process server. The order authorized Gregory Williams and/or Victor Hernandez of CWI Investigations to serve Roman with process by personal service. Rule 103 provides that process may be served anywhere by (1) any sheriff or constable or other person authorized by law, or (2) any person authorized by law or by written order of the court who is not less than eighteen years of age , or (3) any person certified under order of the Supreme Court. TEX.R.CIV.P. 103. Further, the order authorizing a person to serve process may be made without written motion. Id. While the Rios Family also filed a motion for substituted service, the mandamus record submitted by the Rios Family shows that Roman was not served by substituted service under Rule 106. The mandamus record conclusively establishes that Roman was personally served by Gregory Williams on July 17, 2017 with a copy of the petition, the citation, and the order for service on July 17, 2017. Williams filed the return of citation with the trial court clerk on July 18, 2017. Issue One is overruled. Consequently, Roman's request that we order Respondent to vacate a no-answer default judgment entered against Roman and dismiss the suit against her is denied. Having sustained Issue Two, we conditionally grant mandamus relief in part and order the trial court to set aside the writ of execution.

The Rios Family's petition does not allege that they lost a specific sale as a result of Roman's conduct and they did not request the recovery of special damages.

The default judgment can become final through a variety of actions in the trial court, including a ruling on the merits of the slander of title claim, an affirmative abandonment or dismissal of the claim by the Rios Family, or severance of the slander of title claim from the default judgment.

The pending appeal in cause number 08-17-00235-CV, styled Edith Roman v. Jose Luis Rios Ramirez, Sr., Velia Rios Ramirez and Jose Luis Rios Ramirez, Jr. , was dismissed by opinion and judgment issued this same date.