**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 25, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00106-CV

## IN RE DEAN E. SMITH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-33707**

---

## MEMORANDUM OPINION

Relator Dean E. Smith filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Sandra Peake, presiding judge of the 257th District Court of Harris County, to set aside the June 1, 2018 judgment finding that relator had violated a final decree of divorce and awarding judgment in favor of real party in interest Michele Lutz. On October 23, 2019, the trial court signed an order

withdrawing the June 1, 2018 judgment and granting a new trial, after which relator filed a motion to dismiss his petition for mootness. We deny the petition and the motion to dismiss for mootness.

## I. BACKGROUND

On April 26, 2010, the trial court signed an agreed final decree of divorce between relator and Lutz. Lutz filed a third amended motion for enforcement of property division and enforcement of permanent injunction, alleging that relator had violated the divorce decree. The trial court held a trial on the merits of the motion to enforce on April 12, 2018.

The trial court signed a judgment in the enforcement action on June 1, 2018, finding relator guilty of separate violations of the divorce decree. The trial court (1) granted Lutz judgment against relator in the amount of $5,976.00 for seizure of Lutz's tax refunds; (2) ordered relator to pay child support arrearage in the amount of $12,483.04; (3) ordered relator to pay attorney's fees in the amount of $7,500.00 in connection with collection of child support; (4) and granted Lutz judgment in the amount of $1,000.00 for attorney's fees incurred in connection with the property division.

Relator filed a notice of appeal from the June 1, 2018 judgment. Relator also filed a motion to modify the judgment on June 13, 2018, and the trial court denied the motion on July 30, 2018. Several months later, relator filed a petition for writ of mandamus related to the same judgment because he believed that the judgment had elements of both a contempt finding and a civil judgment.

2

After the original respondent in this case ceased serving as the presiding judge of the 257th District Court on January 1, 2019, we abated this case under Texas Rule of Appellate Procedure 7.2(b). *See* Tex. R. App. P. 7.2(b). The successor judge signed an order on October 23, 2019, withdrawing the June 1, 2018 judgment and granting a new trial. Based on the October 23, 2019 order, relator filed a motion to dismiss his petition for writ of mandamus for mootness. We originally granted the motion to dismiss the petition as moot and later reinstated the petition and the motion to dismiss for mootness.

## II. ISSUES

In his petition, relator asserts that the trial court abused its discretion by finding that he had violated the parties final divorce decree and he does not have an adequate remedy by appeal. However, before we address relator's request for relief, we first must determine whether (1) the June 1, 2018 judgment is a civil contempt order; (2) the June 1, 2018 judgment is a final judgment; (3) the October 23, 2019 order is void; and (4) relator's request for relief is moot.

## III. ANALYSIS

### A. The June 1, 2018 Judgment is Not a Civil Contempt Order.

Relator contends that the June 1, 2018 judgment is a civil contempt order and therefore is subject to mandamus review, not appeal. Contempt is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). It is not the form of the court's order, but the character and function of the order that determines its classification. *See Khan v. Valliani*, 439 S.W.3d 528, 536 (Tex.

3

App.—Houston [14th Dist.] 2014, no pet.).  The purpose of civil contempt is remedial and coercive in nature.  *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding).  "A judgment of civil contempt exerts the judicial authority of the court to persuade the contemnor to obey some order of the court where such obedience will benefit an opposing litigant."  *Id.*  "Imprisonment is conditional upon obedience and therefore the civil contemnor 'carries the keys of (his) prison in (his) own pocket.'"  *Id.* (quoting *Shillitani v. United States*, 384 U.S. 364, 368 (1966)).  "In other words, it is civil contempt when one 'may procure his release by compliance with the provisions of the order of the court.'"  *Id.* (quoting *Ex parte Hosken*, 480 S.W.2d 18 (Tex. App.—Beaumont 1972, orig. proceeding)).

Relator relies on the following exchange that took place between the trial court and Lutz's counsel:

THE COURT:  . . . . As I read your motion, you're not asking for jail time, correct?

MR. ALLSHOUSE:  That's correct, Your Honor.

THE COURT:  Just pure civil contempt?

MR. ALLSHOUSE:  That's correct, Your Honor.

Relator also relies on the following language of the judgment: "The Court finds that [relator] is **guilty** of separate violations of the Agreed Final Decree of Divorce signed on April 26, 2010.  The Court further finds that [relator] has failed to comply with and has violated the provisions of the order . . . ."[1]  Relator argues

---

[1] Emphasis added.

4

that the imposition of a child support arrearage is coercive by nature, carrying with it the potential for the loss of liberty that no other debt in Texas may impose.

The trial court did not hold relator in contempt. The trial court granted Lutz judgment on the merits of her claims for (1) the seizure of Lutz's tax refunds; (2) child support arrearage; (3) attorney's fees incurred in connection with collection of child support; and (4) attorney's fees incurred in connection with the property division. The judgment does not assess any punishment, either confinement or a fine. In the absence of any punishment for which relator would have to purge by complying with the June 1, 2018judgment, the judgment is not a civil-contempt order. *See Khan*, 439 S.W.3d at 536 ("The trial court's dismissal order does not resemble either a criminal contempt order or a civil contempt order because it does not send Khan to jail or assess a fine against her. Instead, the dismissal order adjudicates the merits of Khan's claims and precludes her from bringing suit again."); *see also In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2019, no pet.) (mem. op.) (holding that although the order was entitled Order on Contempt with Findings of Fact and Conclusions of Law, the order did not contain any contempt findings; instead, in the order the court found the provision in the divorce decree enforceable as child support and awarded an arrearage judgment).

**B.     The June 1, 2018 Judgment is a Final Judgment.**

As discussed above, the trial court granted Lutz judgment after a trial on the merits. The law presumes that a judgment following a trial on the merits is final for purposes of appeal. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966). Moreover, the June 1, 208 judgment includes a Mother Hubbard clause

5

stating that "All relief requested and not expressly granted is herein denied," indicating that the trial court intended that the order be a final judgment. *See In re J.A.L.*, No. 14-16-00614-CV, 2017 WL 4218947, at * (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.) (identifying identical language as Mother Hubbard clause). Therefore, the June 1, 2018 judgment is a final judgment.

## C.      The October 23, 2019 Order is Void.

A trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform [its] judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d). "Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy five days. *Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also* Tex. R. Civ. P. 329b(c), (e) & (g). Relator filed a motion to modify the judgment on June 13, 2018, and the trial court signed an order denying the motion to modify on July 30, 2018. "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." Tex. R. Civ. P. 329b(e). Because relator filed a timely motion to modify the June 1, 2018 enforcement order, the trial court's plenary power was extended until 30 days after the denial of the motion to

6

modify. Therefore, the trial court's plenary power was extended to August 29, 2018.[2]

After August 29, 2018, the trial court no longer had plenary power over its June 1, 2018 judgment and lacked the power to grant a new trial and to set aside, vacate, modify, correct, or reform this judgment. *See In re Martinez*, 478 S.W.3d 123, 125–26 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). After a trial court's plenary power over a final judgment has expired, the trial court generally cannot sign an order in the same case in which the court grants sets aside, vacates, modifies, corrects, or reforms its judgment, and an order in which the trial court does so generally is void.[3] *See id.* Exceptions to this rule exist for (1) rendition of judgments nunc pro tunc to correct a clerical error, (2) orders declaring the prior judgment to be void because the trial court signed the prior judgment after expiration of the trial court's plenary power, and (3) orders declaring the prior judgment to be void based on a collateral attack filed in the same case alleging that the trial court lacked subject-matter jurisdiction to render the prior judgment or another valid basis for granting a collateral attack. *See* Tex. R. Civ. P. 316, 329b(f); *In re Martinez*, 478 S.W.3d at 126–28. In its October 23, 2019 order, the trial court did not render a

---

[2] No party has filed a motion in the trial court alleging that the party did not receive notice of the trial court's June 1, 2018 judgment within twenty days after the trial court signed the judgment or that Texas Rule of Civil Procedure 306a applies to extend the date on which the period for the expiration of plenary power begins to run. *See* Tex. R. Civ. P. 306a.

[3] Even after expiration of plenary power, the trial court still may set aside a prior final judgment in a timely-filed bill-of-review proceeding, but this is an independent proceeding that should have a different cause number. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *In re Martinez*, 478 S.W.3d at 127, n.1. Therefore, the trial court's order in a bill-of-review proceeding is not an order in the case in which the trial court rendered the final judgment. The case under review does not involve a bill-of-review proceeding.

judgment nunc pro tunc, set aside the June 1, 2018 judgment because the trial court signed this judgment after expiration of the court's plenary power, or declare the June 1, 2018 judgment to be void based on a collateral attack. Therefore, the trial court's order on October 23, 2019, more than a year after expiration of plenary power, is void. *See In re Martinez*, 478 S.W.3d at 126–28.

## D. Relator's Request for Mandamus Relief is Not Moot.

After the trial court signed the October 23, 2019 order withdrawing the June 1, 2018 judgment and granting a new trial, relator filed a motion to dismiss his petition for writ of mandamus for mootness. Because the October 23, 2019 order withdrawing the June 1, 2018 judgment is void, the order does not render the relief requested in the petition moot.

## E. Relator has an Adequate Remedy by Appeal.

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). As held above, the October 23, 2019 order withdrawing the June 1, 2018 judgment and granting a new trial is void. Relator filed a timely notice of appeal from the June 1, 2018 judgment. Because the trial court signed a final judgment, relator has an adequate remedy by appeal. *See In re Catt*, No. 14-16-00572-CV, 2016 WL 4146826, at *1 (Tex. App.—Houston [14th Dist.] Aug. 4, 2016, orig. proceeding) (mem. op.).[4]

---

[4] Because relator has an adequate remedy by appeal, we do not address whether the trial court abused its discretion by issuing the June 1, 2018 judgment.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. We also deny relator's motion to dismiss his petition for writ of mandamus for mootness.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.