**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 10, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00779-CV

## IN RE M.E.K. INTERIORS AND FLOORS, LLC, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-54534**

## MEMORANDUM OPINION

On November 17, 2020, relator M.E.K. Interiors and Floors, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Michael Gomez, presiding judge of the 129th District Court of Harris County, to vacate his September 8, 2020 order setting aside a default judgment signed on June 23, 2020 ("Default Judgment").

**A.    The trial court retained jurisdiction to sign the challenged order.**

According to relator's first argument, the Default Judgment finally disposed of all claims and all parties.  Consequently, relator contends the trial court lacked "any basis" upon which it could set aside the judgment.  In the Default Judgment, the respondent rendered judgment for the plaintiff and awarded actual damages.  Of note, however, the Default Judgment contains the following statement:  "This Judgment is interlocutory as to the amount of exemplary damages to be awarded and this Judgment shall be incorporated into a final judgment upon completion of the hearing set on additional damages."  The court also stated that counsel should confer with the court clerk to schedule an exemplary damages hearing or non-suit the plaintiff's request for exemplary damages.

A trial court retains plenary power to vacate a final judgment within thirty days after the judgment is signed.  *See* Tex. R. Civ. P. 329b(d).  The thirty-day deadline is extended if any party files a motion for new trial on or before that date.  Tex. R. Civ. P. 329b(a), (d).  No party filed a motion for new trial on or before July 23, 2020.  Thus, if the Default Judgment were a final judgment, the trial court's plenary power would have expired on July 23, 2020, and the trial court's September 8, 2020 order setting it aside would have been void.  *See In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).

In *Lehmann v. Har-Con Corp.,* the Supreme Court of Texas held that in cases in which only one final and appealable judgment can be rendered, an order or judgment issued without a conventional trial on the merits is not final for purposes of appeal unless it actually disposes of all claims and parties then before the court or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *see also*

2

*Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986) ("A final judgment is one that disposes of all parties and all issues in a lawsuit."). The high court recently concluded that in cases in which only one final and appealable judgment can be rendered, an order or judgment issued without a conventional trial on the merits is also final for purposes of appeal if in another order, the trial court makes a "clear and unequivocal" statement that the trial court intended to render a final and appealable judgment when it rendered the order or judgment in question. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam).

A default judgment that does not dispose of a request for exemplary damages is not a final judgment, and the trial court retains jurisdiction to set such a judgment aside until the trial court's plenary jurisdiction expires following a final judgment. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 828-29 (Tex. 2005) (orig. proceeding) (holding default judgment was not final even though it contained a Mother Hubbard clause because plaintiff's request for exemplary damages was not resolved); *Houston Health Clubs, Inc.*, 722 S.W.2d at 693; *In re Drake*, No. 14-09-01058-CV, 2010 WL 431299, at *2 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, orig. proceeding) (per curiam) (mem. op.) (recognizing that default judgment that does not dispose of punitive damage issue is interlocutory, and the trial court retains jurisdiction to set it aside); *Bennett v. Joubert*, No. 02-19-00027-CV, 2019 WL 4010225, at *2 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op.) (even though the default judgment was entitled "Final Order of Judgment by Default," it was not final because it did not address appellants' claim for exemplary damages and did not contain any of the *Lehmann* finality language). Relatedly, as this court and our sister court of appeals in Houston have stated, a judgment is interlocutory if the amount awarded cannot be determined.

3

*In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 440 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

In the Default Judgment, the trial court did not clearly and unequivocally state that the judgment finally disposed of all claims and all parties. Nor did the trial court sign a separate order making a "clear and unequivocal" statement that the trial court intended to render a final and appealable judgment when it rendered the Default Judgment. To the contrary, the trial court clearly indicated by words in the judgment that it intended the judgment to be interlocutory and that the amount of exemplary damages to be awarded "shall be incorporated into a final judgment" upon completion of a future hearing for that purpose.

Because the trial court did not dispose of the plaintiff's request for exemplary damages, the Default Judgment did not actually dispose of all claims and parties then before the court. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d at 828-29; *In re Drake*, 2010 WL 431299, at *2. Therefore, the Default Judgment was not final and appealable. *See Bella Palma, LLC*, 601 S.W.3d at 801; *Lehmann*, 39 S.W.3d at 192-93, 205. Because the trial court had jurisdiction to set aside the Default Judgment when it signed the September 8, 2020 order, we reject relator's contention that the challenged order is void.

Relator argues that the Default Judgment is final, based on *In re Roman*, stating that finality "does not require that the judgment dispose of a party's requests for different types of damages made in connection with a single claim that is clearly disposed of in the default judgment." *In re Roman*, 554 S.W.3d 73, 77 (Tex. App.— El Paso 2018, orig. proceeding). *In re Roman* is distinguishable because, in that case, the trial court expressly disposed of the claim on which the request for

4

exemplary damages was based and did not award exemplary damages. *Id*. Here, in contrast, the trial court has not adjudicated the plaintiff's request for exemplary damages. The Default Judgment awards the plaintiff recovery on those claims and merely defers the assessment of exemplary damages to a later date.

**B.     Mandamus relief is not available.**

Relator also argues that the trial court abused its discretion by setting aside the Default Judgment because the trial court failed to apply *Craddock v. Sunshine Bus Lines, Inc*. 133 S.W.2d 124, 126 (Tex. 1939).

"Mandamus review is not available for an order that sets aside a default judgment when there has been no jury trial." *In re Diogu*, No. 14-16-00373-CV, 2016 WL 3131524, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2016, orig. proceeding) (per curiam) (mem. op.) (citing *In re Cort*, No. 14-14-00646-CV, 2014 WL 4416074, at *2 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, orig. proceeding) (per curiam) (mem. op.); *In re Abrokwa*, No. 05-15-01239-CV, 2015 WL 6520083, at *1 (Tex. App.—Dallas Oct. 28, 2015, orig. proceeding) (mem. op.); and *In re Procesos Especializados en Metal, S.A. de C.V.*, No. 04-14-00543-CV, 2014 WL 4347724, at *3 (Tex. App.—San Antonio Sept. 3, 2014, orig. proceeding) (mem. op.)). The record does not show that a jury trial has occurred.

Therefore, we deny relator's petition for writ of mandamus.


/s/     Kevin Jewell
          Justice


Panel consists of Chief Justice Frost and Justices Jewell and Poissant.

5